107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Ray TURNER, Plaintiff-Appellant,
v.
BUNN, Sargeant; Gibbles, Sargeant; Welch, Deputy;
Catrina, Nurse, Defendants-Appellees.
 No. 96-35383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 6, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 While plaintiff was an inmate at the Yamhill County Jail, he became a material witness for Oregon State against former cellmate Robert Vanpelt. He alleges that defendants, three Yamhill prison officers, violated the Eighth Amendment by housing him in the general population. He told Deputy Welch "there would be trouble" and told Sergeant Gibbel that Vanpelt had friends at Yamhill, but he never specifically identified those whom he feared. Plaintiff claims that he was "beaten up" by four inmates while in a temporary cell, and that three inmates approached him threateningly, but "back[ed] off," while he was in general population.
 
 
 3
 Plaintiff submitted as evidence two letters that he allegedly sent to Sheriff Vasquez of Yamhill County, one implicating inmate Ricky Frims as one of his attackers and another reporting "somewhat of a fight" in general population.[1] No record of these letters appears on his inmate mail roster. Defendants claim that they never saw the letters and were unaware of any specific danger to plaintiff's life. Yamhill records do not reflect any assaults on plaintiff, and he did not suffer any injuries requiring medical attention.
 
 
 4
 The district court denied plaintiff's request for appointment of counsel and granted defendants' summary judgment motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 ANALYSIS
 I. Assistance of Counsel
 
 5
 We review for abuse of discretion the district court's ruling on a motion for appointment of counsel.[2] United States v. $292,888.045 in U.S. Currency, 54 F.3d 564 (9th Cir.1995). Under 28 U.S.C. § 1915(d), a court may request volunteer counsel for an indigent plaintiff only in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). To decide whether exceptional circumstances exist, a court evaluates both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Wilborn v. Excalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 6
 Plaintiff was unlikely to succeed on the merits because he failed to substantiate any of his allegations with relevant evidence. His claim was not so legally complex that he was unable to articulate it pro se. The court did not abuse its discretion.
 
 II. Section 1983 Claim
 
 7
 We review de novo a grant of summary judgment. Weiser v. United States, 959 F.2d 146, 147 (9th Cir.1992). Summary judgment is appropriate when no rational trier of fact could find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A non-moving party cannot create a genuine issue of material fact by relying on a conclusory, self-serving affidavit, unsupported by factual data. FTC v. Publishing Clearing House, Inc., No. 95-16018 (9th Cir. Jan. 15, 1997).
 
 
 8
 To prove an Eighth Amendment violation, an inmate must show: (1) that conditions presented a substantial risk of serious harm (objective element), and (2) that the defendant possessed a sufficiently culpable state of mind (subjective element). Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994).
 
 
 9
 A substantial risk of serious harm exists only when a "prison official's act or omission ... result[s] in denial of 'the minimal civilized measure of life's necessities.' " Farmer, 511 U.S. at 834. Material witness status does not, by itself, expose an inmate to this type of harm. In an analogous case, Davis v. Scott, 94 F.3d 444 (8th Cir.1996), an inmate told officials that friends of his departed enemy might try to harm him if he moved to general population. The court held that he had failed to prove an identifiable risk of serious harm. Id. at 446-47; see also Babcock v. White, 102 F.3d 267, 272 (7th Cir.1996) (observing that officials must protect against "reasonably preventable assault" rather than a "fear of assault"). Plaintiff expressed only a general fear of harm by other inmates and failed to create a genuine issue of triable fact as to the risk of serious harm.
 
 
 10
 Plaintiff also failed to create a genuine issue as to defendants' states of mind. An official can be held liable only if he (1) is aware of facts from which he could infer a substantial risk of serious harm, and (2) actually drew that inference. Farmer, 511 U.S. at 837; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995).
 
 
 11
 Plaintiff lacked evidence that defendants knew of his risk of harm. He relied only on conclusory allegations and documents that were neither authenticated nor probative. Although he argues that defendants were "all aware of threats" to his life and "failed to act on them," the record is devoid of factual support. Even if he actually sent the letters he submitted to the court, there is no reason to believe that defendants read them; they were addressed to the Sheriff. See Haynes v. Michigan Dept. of Corrections, 760 F.Supp. 124, 127 (E.D.Mich.1991), aff'd by unpublished disposition, 945 F.2d 404 (6th Cir.1991) (refusing to speculate both that an uncorroborated letter to a prison official existed and that he deliberately disregarded it).
 
 
 12
 Plaintiff relies on Berg v. Kincheloe, 794 F.2d 457 (9th Cir.1986), in which a prison guard compelled an inmate in protective custody to report to a job site where he was beaten and raped. Unlike the defendants in Berg, the defendants here had no reason to believe that plaintiff's life was in danger, and they submitted affidavits justifying the transfer. Plaintiff was not classified in protective custody, and his adversary Vanpelt had long since departed Yamhill. Berg does not apply.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiff also submitted a note threatening his life, but he received it after he had been transferred to another jail, so it is irrelevant
 
 
 [2]
 The district court initially granted plaintiff's request for counsel, contingent on finding a volunteer attorney to accept the case. None was found. Plaintiff renewed his motion, and the court denied it for lack of exceptional circumstances