129 F.3d 122
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gregory TEAMER, Appellant,
v.
Paul KONSTANCE, Appellee.
 No. 96-3071.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 30, 1997.
Filed Oct. 3, 1997.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory Teamer, a Missouri prisoner formerly incarcerated at Algoa Correctional Center (ACC), appeals from the District Court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 (1994) action against Paul Konstance, a corrections officer at ACC.
 
 
 2
 This court reviews de novo the District Court's grant of summary judgment. See Davis v. Scott, 94 F.3d 444, 446 (8th Cir.1996). Summary judgment is appropriate only when the moving party demonstrates there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c).
 
 
 3
 In his complaint, Teamer alleged he suffered injuries and was subjected to cruel and unusual punishment when Konstance held Teamer and allowed William Bible, another inmate, to hit Teamer. To prevail on his Eighth Amendment claim, Teamer needed to show Konstance acted with deliberate indifference of Teamer's safety; specifically, that Konstance acted or failed to act despite knowing that Teamer faced a risk of being assaulted. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).
 
 
 4
 The evidence submitted by the parties, taken in the light most favorable to Teamer, see Miller v. Solem, 728 F.2d 1020, 1023-24 (8th Cir.), cert. denied, 469 U.S. 841 (1984), shows that he and Bible were fighting when they fell into Konstance, and Konstance restrained Teamer, placing himself between Teamer and Bible, but no one restrained Bible. Bible then reached over Konstance's shoulder and "sucker punche[d]" Teamer, which Teamer admitted was a surprise. We conclude this evidence cannot support the conclusion that Konstance knew Bible continued to pose a danger to Teamer, once Konstance had interceded. Accordingly, the District Court did not err in granting summary judgment in favor of Konstance.
 
 
 5
 After carefully reviewing Teamer's remaining arguments, we find they are without merit.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)