# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1516

_____

| | |
|---|---|
| Harry Riley, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Missouri. |
| Ron Knox, Dr.; J. A. Gammon, | * |
| | *        [UNPUBLISHED] |
| Appellees. | * |

_____

Submitted:  December 30, 1999
Filed:  January 14, 2000

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Harry Riley, a Missouri inmate, appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 (Supp. III 1997) action, in which he claimed deliberate indifference to his serious dental needs.  For the reasons discussed below, we affirm.

_____

[1]The Honorable DONALD J. STOHR, United States District Judge for the Eastern District of Missouri.

Upon de novo review, see Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam), we conclude summary judgment was proper. The summary judgment record, viewed most favorably to Riley, shows that Gammon, the prison superintendent, made no dental treatment decisions, and that he referred complaints related to Riley's treatment to the medical unit, over which he had no direct control. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising operations of prison insufficient to support liability for medical-indifference claim).

As to Dr. Knox, the record shows that Riley had extensive dental problems, and that Dr. Knox saw him repeatedly and performed multiple dental procedures. Although Riley complains of various delays in his treatment, a mere disagreement over the timing and type of dental treatment is not actionable. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) (prison officials do not violate Eighth Amendment when, in exercising professional judgment, they refuse to implement inmate's requested course of treatment). Thus, we find Riley failed to present a triable issue of fact on his claims against Dr. Knox.

Further, we conclude that the District Court did not err in denying Riley's motion to compel discovery, because he failed to seek a continuance, see Fed. R. Civ. P. 56(f), Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997); and we also conclude the Court did not abuse its discretion in denying Riley appointment of counsel, see Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.