# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2753

_____

| | |
|---|---|
| Jane and John Doe, One, | * |
| | * |
| Plaintiff, | * |
| | * |
| Jane Doe, One, as next friend of for | * |
| minors, by next friend Mary Doe-One, | * |
| by next friend Ann Doe-One, | * |
| | * |
| Appellee, | * |
| | * |
| Jane and John Doe, Two; Jane Doe, | * |
| Two, as next friend of, a minor, by next | * |
| friend Mary Doe-Two; Jane and John | * |
| Doe, Three; Jane Doe, Three, as next | * |
| friend of a minor, by next friend | * |
| Mary Doe-Three; Jane Doe, Four; | * |
| Jane Doe, Four, as next friend of, a | * |
| minor, by next friend Mary Doe-Four; | * |
| Jane Doe, Five; Jane Doe, Five, as next | * |
| friend of, a minor, by next friend Mary | * |
| Doe-Five; Jane Doe, Six; Jane Doe, | * |
| Seven; John Doe, One; Jane Doe, et al, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| Wentzville R-IV School District; | * |
| Richard Beauchamp, Individually and as | * |
| Principal of East Elementary School; | * |
| Karen Best, Individually, and as | * |

Assistant Principal of East Elementary      *
School; Becky L. Williams,                  *
                                            *
            Defendants,                     *
                                            *
Michael D. Williams, Individually, and      *
as a teacher at East Elementary School,     *
                                            *
            Appellant,                      *
                                            *

            _____

            No. 04-2757                     Appeals from the United States
            _____                     District Court for the
                                            Eastern District of Missouri.

Jane and John Doe, One,                     *
                                            *
            Plaintiff,                       *
                                            *
Jane Doe, One, as next friend of for        *
minors, by next friend Mary Doe-One,        *
by next friend Ann Doe-One,                 *
                                            *
            Appellee,                       *
                                            *
Jane and John Doe, Two; Jane Doe,           *
Two, as next friend of, a minor, by next    *
friend Mary Doe-Two; Jane and John          *
Doe, Three; Jane Doe, Three, as next        *
friend of a minor, by next friend Mary      *
Doe-Three; Jane Doe, Four; Jane Doe,        *
Four, as next friend of, a minor, by next   *
friend Mary Doe-Four; Jane Doe, Five;       *
Jane Doe, Five, as next friend of, a        *
minor, by next friend Mary Doe-Five;        *
Jane Doe, Six; Jane Doe, Seven; John        *
Doe, One; Jane Doe, et al,                  *

-2-

|                                                              | * |               |
| ------------------------------------------------------------ | - | ------------- |
| Plaintiffs,                                                  | * |               |
|                                                              | * |               |
| v.                                                           | * |               |
|                                                              | * |               |
| Wentzville R-IV School District;                             | * |               |
| Richard Beauchamp, Individually and as                       | * |               |
| Principal of East Elementary School;                         | * |               |
| Karen Best, Individually, and as                             | * |               |
| Assistant Principal of East Elementary                       | * |               |
| School,                                                      | * |               |
|                                                              | * |               |
| Defendants,                                                  | * |               |
|                                                              | * |               |
| Becky L. Williams,                                           | * |               |
|                                                              | * |               |
| Appellant,                                                   | * |               |
|                                                              | * |               |
| Michael D. Williams, Individually, and                       | * |               |
| as a teacher at East Elementary School,                      | * | [UNPUBLISHED] |
|                                                              | * |               |
| Defendant.                                                   | * |               |

_____

Submitted: May 27, 2005
Filed: June 7, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

-3-

In these consolidated appeals, Michael Williams (Michael) and his wife Becky Williams (Becky), appeal the district court's[1] entry of judgment against them for punitive damages in a civil action for battery and negligent supervision brought by Jane Doe on behalf of her minor daughters Mary Doe-One (Mary) and Ann Doe-One (Ann).

In April 2002, the Does brought the instant suit alleging that from August 1993 to March 2001, Michael repeatedly committed acts of sexual molestation on Mary and Ann, and that in November 2001, Michael pleaded guilty to and was convicted of multiple counts of statutory rape and statutory sodomy of both Mary and Ann. The Does reached a settlement agreement with all of the defendants but the Williamses, and thereafter proceeded only on their claims for punitive damages against the Williamses. Becky appeared for trial pro se, and the Does and Becky waived trial by jury, agreed to have the district court determine any award of punitive damages, and stipulated to the admission of certain evidence, including some of the documents in the criminal case against the Williamses, and psychological evaluations diagnosing Mary and Ann with post-traumatic stress disorder. Michael, incarcerated with the Missouri Department of Corrections, did not appear for trial.

The district court found that Mary and Ann had established their claim of battery against Michael and their claim of negligent supervision against Becky. The court imposed punitive damages of $1 million against Michael, because he had repeatedly--over an 8-year period--committed acts of molestation on Mary and Ann, and because he did so from a position of authority as their elementary school music teacher. The court imposed punitive damages of $325,000 against Becky, because she had not merely facilitated the molestation, but encouraged it.

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

On appeal, the Williamses argue that the amount of punitive damages was excessive; that under federal criminal law related to restitution for victims, their economic circumstances should have been taken into account in determining the amount of punitive damages; and that Michael should have been allowed to be present at the trial and should have been provided appointed counsel. They also challenge the legitimacy of the psychological evaluations.

Having carefully reviewed the record, we conclude that the punitive damages award was not excessive given that Michael repeatedly sexually molested Mary and Ann over an 8-year period, and that Becky witnessed and facilitated the molestation. See Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 435 (2001) (de novo standard of review); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 574-85 (1996) (in reviewing punitive damages award for excessiveness, due process and reasonableness requirements compel consideration of degree of reprehensibility of defendant's conduct, difference between award and civil or criminal penalties authorized or imposed in comparable cases, and disparity between harm and punitive award); Weaver v. African Methodist Episcopal Church, Inc., 54 S.W.3d 575, 589 (Mo. Ct. App. 2001) (noting that degree of reprehensibility of defendant's conduct is most important indicium of reasonableness of punitive damages award, and upholding punitive damages award of $4 million where defendant's grabbing of victim's breasts "was merely the culmination of a long history of far worse verbal and physical sexual harassment").

Finally, we conclude that the district court did not abuse its discretion in denying Michael's request for appointed counsel, see Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (standard of review); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (indigent inmates have no statutory or constitutional right to appointed counsel for civil litigation); that the district court was not obligated to secure Michael's presence at the trial, Fruit v. Norris, 905 F.2d 1147, 1150 n.6 (8th Cir.

1990); and that the Williamses' remaining arguments lack merit and do not warrant discussion.

Accordingly, we affirm.

_____