# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3176

_____

Harold Runningbird,         *
         *
         Appellant,         *
         *    Appeal from the United States
     v.            *    District Court for the
         *    District of South Dakota.
Douglas Weber, Warden, South    *
Dakota Penitentiary; Jeff Bloomberg,   *    [UNPUBLISHED]
Secretary of Department of      *
Corrections; Dennis Block, Associate   *
Warden, South Dakota State     *
Penitentiary; J. Bauer, Officer,    *
         *
         Appellees.         *

_____

Submitted: July 24, 2006
Filed: August 28, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

South Dakota State Penitentiary (SDSP) inmate Harold Runningbird appeals the district court's[1] adverse grant of summary judgment, following remand, in his 42 U.S.C. § 1983 action. Having carefully reviewed the record de novo, see Murphy v.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir. 2004), cert. denied, 543 U.S. 991 (2004) (summary judgment standard of review), we affirm.

Runningbird practices the Native American Religion (NAR). As relevant to this appeal, in his complaint he raised First Amendment, equal protection, and retaliation claims, based on alleged restrictions at the prison on the practice of the NAR. He sought damages and appeared to seek sensitivity training for prison staff. The district court dismissed the complaint, and on appeal, we affirmed as to defendant Jeff Bloomberg (as to whom Runningbird had made no allegations) but reversed as to the other defendants and remanded with instructions for the district court to consider the issue of qualified immunity.

Based on the summary judgment record, we find that the restrictions which were placed on the tobacco and sweat-lodge ceremonies in the penitentiary, and the denial of a Lowampi ceremony, are constitutional. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (limitations on constitutional rights arise from incarceration and valid penological objectives such as institutional security); Hamilton v. Schriro, 74 F.3d 1545, 1550-51 (8th Cir. 1996) (under Turner v. Safley, 482 U.S. 78 (1987), reasonableness of prison regulation is evaluated by considering, inter alia, whether there is valid and rational connection between regulation and legitimate penological interest such as safety; impact of regulation on guards, other inmates, and allocation of prison resources; and whether there are alternative means for inmate to exercise right at issue). Thus, we agree with the district court that defendants are entitled to qualified immunity on the related First Amendment free-exercise claims. See Littrell v. Franklin, 388 F.3d 578, 582-83 (8th Cir. 2004) (in determining whether defendants are entitled to qualified immunity, court considers whether (1) defendants' conduct violated constitutional right, and (2) right was clearly established, i.e., reasonable officials would understand that what they were doing violated that right).

The summary judgment record also shows that defendants did not violate any free-exercise right, or that reasonable officials would not have understood they were violating any such right, based on (1) the denial of a religious advisor, especially given that a Native American volunteer visited SDSP twice weekly to coordinate NAR activities, see Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997) (Constitution does not require providing religious advisor for every sect, and prisoner is not entitled to insist on religious advisor whose beliefs are completely congruent with his own); (2) the denial of peyote, see 42 U.S.C. § 1996a(b)(5) (prison authorities are not required to permit, nor are they prohibited from permitting, access to peyote by Indian inmates); Indian Inmates of Neb. Penitentiary v. Grammar, 649 F. Supp. 1374, 1379 (D. Neb. 1986) (potential threat to security, safety, and discipline from using peyote in prison weighs heavily against inmates' free-exercise rights), aff'd, 831 F.2d 301 (8th Cir. 1987) (unpublished table decision); (3) permitting female employees occasionally to handle religious objects or observe NAR ceremonies, cf. Timm v. Gunter, 917 F.2d 1093, 1100 (8th Cir. 1990) (inmates retain some privacy rights in prison, but when balanced against female and male guards' equal employment rights and prison's security needs, they must give way to permit pat searches on sex-neutral basis), cert. denied, 501 U.S. 1209 (1991); or (4) the denial of certain sacred food for ceremonies, given the variety of religious events and items provided to NAR inmates.

We further conclude that the record before the district court would not allow a jury to conclude that NAR inmates are denied a reasonable opportunity to pursue their faith as compared to inmates of other religions, see Thomas v. Gunter, 103 F.3d 700, 702-03 (8th Cir. 1997), and Runningbird's general verified allegations about other religious groups being treated more favorably are not sufficiently specific to support an equal protection claim, see Murphy, 372 F.3d at 984 (inmate had to show that he was treated differently than similarly situated class of inmates, and that differing treatment burdened fundamental right and bore no rational relation to legitimate penal interest). As to any retaliation claim based on discipline Runningbird received for harboring tobacco ties in his cell, he did not deny that he possessed the contraband.

-3-

See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (retaliatory-discipline claim fails if alleged retaliation arises from discipline for acts inmate is not entitled to perform).

We also find no abuse of discretion in the district court's denial of leave to amend the complaint to add a Religious Land Use and Institutionalized Persons Act (RLUIPA) or law-library-access claim, see Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999) (standard of review), because we agree with the district court that these claims would be futile, see Lewis v. Casey, 518 U.S. 343, 354 (1996) (right of access to courts does not require state to enable inmate "to *litigate effectively* once in court"); Murphy, 372 F.3d at 986-88 (under RLUIPA, Congress did not intend to burden prison operations but rather to maximize protection of inmates' religious rights without undermining prison security, order, and discipline). Finally, we find no abuse of discretion in the district court's denial of appointed counsel, see Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (factors), or in the court's failure to appoint an expert on NAR practices, and we reject Runningbird's conclusory assertions of judicial bias.

Accordingly, we affirm.

_____