# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2259

_____

Ivan T. Page

*Plaintiff - Appellant*

v.

Erica McDowell, Therapist, Missouri Department of Corrections, In Her Official
and Individual Capacity; Julie Motley, Director, MOSOP, In Her Official and
Individual Capacity; Mariann Atwell, Director, Rehabilitative Services, In Her
Official and Individual Capacity; Al Luebbers, Warden, Farmington Correctional
Center, In His Official and Individual Capacity; Lynn Calcote, In Her Official and
Individual Capacity; Tom Villmer, Warden, Farmington Correctional Center, In
His Official and Individual Capacity; Lindell Edmonds, MOSOP, In His Official
and Individual Capacity; Elaine Dix, MOSOP, In Her Official and Individual Capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 25, 2014
Filed: February 28, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Missouri inmate Ivan Page appeals the district court's[1] adverse summary judgment decisions in favor of Julie Motley,[2] and he appeals the district court's adverse rulings on certain motions he filed in the district court. Also pending are motions for appointment of counsel he filed in this court.

Upon careful review, we conclude that the district court did not err in its summary judgment decisions, in which the court concluded, inter alia, that Page's due process, retaliation, and ex post facto claims failed as a matter of law. See Green v. Dormire, 691 F.3d 917, 921 (8th Cir. 2012) (summary judgment decision is reviewed de novo); Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (per curiam) (inmate does not have constitutionally protected liberty interest in possibility of parole, and this court has held that Missouri parole statutes create no liberty interest under state law in parole board's discretionary decisions); Clark v. Long, 255 F.3d 555, 559 (8th Cir. 2001) (in order to establish violation of constitutional rights under § 1983, plaintiff must prove that defendant's unconstitutional action was cause in fact of plaintiff's injury). Furthermore, upon careful review of the district court's orders disposing of Page's motions, we find no basis for reversal. See, e.g., Ahlberg v. Chrysler Corp., 481 F.3d 630, 637 (8th Cir. 2007) (discovery rulings are reviewed for gross abuse of discretion); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (trial court has broad discretion to decide whether both plaintiff and court will benefit from appointment of counsel). We thus affirm under 8th Cir. R. 47B. In addition, we deny Page's pending motions for appointment of counsel.

_____

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, now retired, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]In Page's original complaint, he named numerous other individuals, all of whom were dismissed preservice, pursuant to 28 U.S.C. § 1915(e)(2)(B). He does not challenge their dismissal in his appellate brief. See Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (party's failure to raise or discuss issue in brief is deemed to be abandonment of that issue).