Thomas J. CHENEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 91–3444NI.

United States Court of Appeals,
Eighth Circuit.

Submitted May 22, 1992.

Decided Aug. 11, 1992.

Rehearing and Rehearing En Banc
Denied Sept. 23, 1992.

Thomas J. Cheney, pro se.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, argued, for appellee.

Before JOHN R. GIBSON, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

Thomas J. Cheney appeals the district court's grant of summary judgment in favor of the United States in this Federal Tort Claims Act (FTCA) lawsuit. We affirm.

In May 1987, following a search of the home Cheney shared with Stephanie Oberbroeckling, an agent of the federal drug task force seized items contained in their joint safe deposit box. In June 1987, the agent returned to Oberbroeckling a car title certificate that had been taken from the box. Cheney asserts he owned the car to which the title certificate belonged; he had an agreement with a storage facility to release the car to anyone presenting the title certificate; the agent informed Oberbroeckling of this agreement; Oberbroeckling retrieved the car from storage; and while the car was in her possession, the car was damaged and its value destroyed. Cheney brought this action under FTCA, contending the United States is liable for the damage to the car based on the acts of its agent in releasing the title certificate to Oberbroeckling.

The district court granted summary judgment in favor of the United States, holding Cheney's claim falls within an exception to the FTCA's waiver of sovereign immunity. Under 28 U.S.C. § 2680(c), the FTCA's broad waiver of sovereign immunity does not apply to "claim[s] arising [from] ... the detention of any goods or merchandise by any ... law-enforcement officer." This exception extends to damage claims resulting from the negligent handling of detained property. *Kosak v. United States*, 465 U.S. 848, 854, 104 S.Ct. 1519, 1523, 79 L.Ed.2d 860 (1984). Cheney, however, contends this exception does not apply to his claim because the United States never actually possessed the car. Instead, Cheney maintains that because the United States's agent enabled Oberbroeckling to gain possession of the car, leading to the car's destruction, the United States is liable under 28 U.S.C. §§ 1346(b) and 2674 "for injury or loss of property ... caused by the negligent or wrongful act or omission" of the agent who was acting within the scope of his employment. *Id.* § 1346(b).

Having reviewed the record, we conclude the district court properly held Cheney's claim falls within the section 2680(c) exception to the FTCA's waiver of sovereign immunity. Cheney's claim is based on the agent's action in returning the title certificate to Oberbroeckling, which resulted from the original detention of the certificate. Thus, Cheney's claim falls within section 2680(c)'s broad exception to the FTCA's general waiver of sovereign immunity in cases arising out of the detention of property by law enforcement officers. *See Kosak*, 465 U.S. at 853–54, 104 S.Ct. at 1523–24 (holding language of exception entitled to broad interpretation, including all injuries arising from a government official's detention of property); *Schlaebitz v. United States Dep't of Justice*, 924 F.2d 193, 194 (11th Cir.1991) (per curiam) (holding loss of property because of improper release to third person falls within section 2680(c) exception). The district court prop-

erly held the United States is entitled to sovereign immunity and granted summary judgment in favor of the United States on this basis.

We affirm the district court.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

I am not convinced that the 1976 Datsun 280Z is "goods or merchandise" within the meaning of 28 U.S.C. § 2680(c). Accordingly, I would reverse the order of summary judgment.