_____

No. 94-2473
_____

Carl Thomas Swope,          *
                            *
        Appellant,          *
                            *
                            *   Appeal from the United States
    v.                      *   District Court for the
                            *   Eastern District of Missouri.
Dr. John K. Cameron, Ph.D.; *
Michele Flowers, Psychologist, *
                            *
        Appellees.          *

_____

Submitted:  June 12, 1995

Filed:  January 19, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and WOLLMAN,
    Circuit Judges.
_____

WOLLMAN, Circuit Judge.


    This is an appeal from the district court's[1] order granting
the appellees' motion for summary judgment and denying the
appellant's motion for appointment of counsel in this action
brought under 42 U.S.C. § 1983.[2]  We affirm.


    Carl Thomas Swope was incarcerated at the Farmington
Correction Center (FCC) in Farmington, Missouri, from January 6,
1989, to November 13, 1989, and then again from February 28, 1991,
to July 28, 1992.  Dr. John Cameron was the Chief Treatment
Psychologist for the Missouri Department of Corrections during the

_____

    [1]The Honorable Jean C. Hamilton, United States District Judge
for the Eastern District of Missouri.

    [2]We appointed present counsel to represent Swope on appeal,
and we express our appreciation for his zealous efforts on Swope's
behalf.

time in question. Michele Flowers was employed by the Department of Corrections as an Associate Psychologist II from July 1988 to January 1992. Since January 1992, she has been employed by the Department as a Psychologist I.

Swope's initial complaint, filed pro se, alleged that Cameron and Flowers had been deliberately indifferent to his serious need for psychological treatment.

On January 29, 1993, the district court granted Swope's motion for appointment of counsel and appointed Alan K. Goldstein to represent Swope. Mr. Goldstein filed an amended complaint on Swope's behalf on March 15, 1993. Mr. Goldstein subsequently filed, under seal, a motion for leave to withdraw. On December 23, 1993, the district court entered an order granting, "good cause appearing," the motion. On December 27, 1993, Swope wrote a letter to the district court requesting that new counsel be appointed to represent him. On January 5, 1994, the district court entered a memorandum and order denying this request. In doing so, the district court considered the factors that we have held must be taken into consideration in ruling on a motion for appointment of counsel. See, e.g., Rayes v. Johnson, 969 F.2d 700 (8th Cir.), cert. denied, 113 S. Ct. 658 (1992); Johnson v. Williams, 788 F.2d 1319 (8th Cir. 1986); and Nelson v. Redfield Lithograph Printing, 728 F.2d 1003 (8th Cir. 1984).

In granting summary judgment to Cameron and Flowers, the district court pointed to the fact that Swope had been seen by a psychologist or psychiatrist on at least eight occasions during his first period of incarceration. Swope's course of treatment also included a physical examination at the Mineral Area Regional Medical Center (MARMC) on October 11, 1989. On October 24, 1989, Swope was given a neurological consultation at MARMC. Swope was sent to MARMC for evaluation on November 12, 1982, after a possible ingestion of foreign substances. He was released the following day

-2-

and transferred to Potosi Correctional Center, where he was examined that same day by a psychologist.

Swope was returned to FCC on February 28, 1991. He was placed in the Corrections Treatment Center, a specialized mental health program, where his behavior was closely monitored. Swope was discharged from the Treatment Center on March 21, 1991, the discharging psychologist noting that Swope was not in need of any mental health services. Upon his return to FCC, Swope was seen by a psychologist or psychiatrist on several occasions prior to his transfer from FCC on July 28, 1992. None of the psychologists or psychiatrists who examined Swope during the time he was incarcerated at FCC indicated that Swope suffered from any chronic mental illness that would have warranted his admission to the Social Rehabilitation Unit there.

The district court concluded that Swope had failed to establish a genuine issue of material fact on the question whether Cameron and Flowers had been deliberately indifferent to his serious medical needs.

We conclude that the district court did not abuse its discretion in denying Swope's motion for appointment of new counsel after the court granted Mr. Goldstein's motion to withdraw. As indicated above, the district court took into account the factors that our decisions say must be considered when ruling on such a motion. Those factors include whether the plaintiff has presented non-frivolous allegations; whether the plaintiff will substantially benefit from the appointment of counsel; whether there is a further need to investigate further and present the facts relating to the plaintiff's claim; and whether the factual and legal issues presented by the action are complex. See Rayes, 969 F.2d at 703.

In reviewing a ruling denying a motion for appointment of counsel, substantial deference should be given to the district

court's ruling in those cases in which the district court has relieved the original attorney from the appointment. Here, the district court found that there was good cause to relieve Mr. Goldstein of his appointment, for reasons that the court found warranted keeping the motion for withdrawal under seal. We cannot believe that the district court would have taken this action lightly. Accordingly, we affirm the order denying the motion for appointment of counsel.

On the merits of the action, we agree with the district court that at most Swope established only a claim of dissatisfaction with the treatment he was given, a showing insufficient to establish an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97 (1976); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).

The district court's order is affirmed.

A true copy.

    Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.