_____

No. 95-1901
_____

Allan Parmelee,                     *
                                    *
          Appellant,                *
                                    *
     v.                             *
                                    *
Peter Carlson, former Warden of     *
the Federal Medical Center,         *
Rochester, Minnesota; Fed.          *    Appeal from the United States
Medical Center; Stewart             *    District Court for the
Solmonson, former property          *    District of Minnesota.
officer at FMC; Daniel Braatz,      *
Senior Officer at FMC, all          *         [UNPUBLISHED]
defendants are or were employees    *
of the Federal Medical Center and   *
are sued in their individual        *
and official capacities,            *
                                    *
          Appellees.                *


_____

          Submitted:  December 18, 1995

             Filed:  February 15, 1996
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Allan Parmelee appeals from the district court's[1] grant of
summary judgment in his action under the Federal Tort Claims Act,
28 U.S.C. §§ 2671-2680 (FTCA).  We affirm.

_____

     [1]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court for the District of Minnesota, adopting the report
and recommendation of the Honorable Jonathan G. Lebedoff, United
States Magistrate Judge for the District of Minnesota.

Parmelee, formerly an inmate at the Federal Medical Center in Rochester, Minnesota, filed a suit alleging that defendant Officer Braatz, in the course of conducting an inventory of Parmelee's property, negligently disposed of an envelope containing a gold necklace and six other stamped but unaddressed envelopes that belonged to Parmelee. Parmelee also alleged that defendant Officer Solmonson negligently failed to investigate the alleged loss of property and that Warden Carlson had negligently trained and supervised his staff. Parmelee later moved for appointment of counsel.

Treating the FTCA claim as one against the United States, the district court granted defendants' motion for summary judgment, concluding that Parmelee had not created a factual dispute regarding the elements of his negligence claim. On appeal, Parmelee argues the merits of his FTCA claim, and also argues the district court erred by refusing to appoint counsel and in granting summary judgment without first giving him leave to amend his complaint.

Having reviewed de novo the district court's judgment, we affirm because 28 U.S.C. § 2680(c) bars Parmelee's suit. See Cheney v. United States, 972 F.2d 247, 248 (8th Cir. 1992) (per curiam) (holding § 2680 bars actions "arising out of the detention of property by law enforcement officers"). Parmelee argues that section 2680(c) does not apply because goods which the government has lost are not subject to "detention." See Mora v. United States, 955 F.2d 156, 160 (2nd Cir. 1992) (when government loses goods § 2680(c) does not apply because lost goods are not in the government's possession and hence "cannot be regarded as `detained.'"). We disagree with Mora, because section 2680(c) bars suits "arising in respect of . . . the detention of any goods" not suits brought while the government detains goods. 28 U.S.C. § 2680(c) (emphasis added). In fact, this court's Cheney decision applied section 2680(c) in a case where the government did not

-2-

possess the property Cheney sought to recover.  972 F.2d at 248. When Braatz inventoried Parmelee's personalty, he detained it. Thus Parmelee's suit arises out of the detention of his property, notwithstanding the subsequent alleged loss of property.

We also conclude the district court did not abuse its discretion in denying Parmelee's motion for the appointment of counsel, see Swope v. Cameron, No. 94-2473 slip op. at 3, 1996 WL 16894 at *2 (8th Cir. Jan. 19, 1996) (standard of review; listing factors to consider), or in granting defendants summary judgment without offering Parmelee an opportunity to amend his complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.