77 F.3d 486
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Allan PARMELEE, Appellant,
v.
Peter CARLSON, former Warden of the Federal Medical Center,
Rochester, Minnesota; Fed. Medical Center; Stewart
Solmonson, former property officer at FMC; Daniel Braatz,
Senior Officer at FMC, all defendants are or were employees
of the Federal Medical Center and are sued in their
individual and official capacities, Appellees.
 No. 95-1901.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 18, 1995.
Filed Feb. 15, 1996.
 
 Appeal from the United States District Court for the District of Minnesota.
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Allan Parmelee appeals from the district court's[1] grant of summary judgment in his action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA). We affirm.
 
 
 2
 Parmelee, formerly an inmate at the Federal Medical Center in Rochester, Minnesota, filed a suit alleging that defendant Officer Braatz, in the course of conducting an inventory of Parmelee's property, negligently disposed of an envelope containing a gold necklace and six other stamped but unaddressed envelopes that belonged to Parmelee. Parmelee also alleged that defendant Officer Solmonson negligently failed to investigate the alleged loss of property and that Warden Carlson had negligently trained and supervised his staff. Parmelee later moved for appointment of counsel.
 
 
 3
 Treating the FTCA claim as one against the United States, the district court granted defendants' motion for summary judgment, concluding that Parmelee had not created a factual dispute regarding the elements of his negligence claim. On appeal, Parmelee argues the merits of his FTCA claim, and also argues the district court erred by refusing to appoint counsel and in granting summary judgment without first giving him leave to amend his complaint.
 
 
 4
 Having reviewed de novo the district court's judgment, we affirm because 28 U.S.C. § 2680(c) bars Parmelee's suit. See Cheney v. United States, 972 F.2d 247, 248 (8th Cir.1992) (per curiam) (holding § 2680 bars actions "arising out of the detention of property by law enforcement officers"). Parmelee argues that section 2680(c) does not apply because goods which the government has lost are not subject to "detention." See Mora v. United States, 955 F.2d 156, 160 (2nd Cir.1992) (when government loses goods § 2680(c) does not apply because lost goods are not in the government's possession and hence "cannot be regarded as 'detained.' "). We disagree with Mora, because section 2680(c) bars suits "arising in respect of ... the detention of any goods" not suits brought while the government detains goods. 28 U.S.C. § 2680(c) (emphasis added). In fact, this court's Cheney decision applied section 2680(c) in a case where the government did not possess the property Cheney sought to recover. 972 F.2d at 248. When Braatz inventoried Parmelee's personalty, he detained it. Thus Parmelee's suit arises out of the detention of his property, notwithstanding the subsequent alleged loss of property.
 
 
 5
 We also conclude the district court did not abuse its discretion in denying Parmelee's motion for the appointment of counsel, see Swope v. Cameron, No. 94-2473 slip op. at 3, 1996 WL 16894 at * 2 (8th Cir. Jan. 19, 1996) (standard of review; listing factors to consider), or in granting defendants summary judgment without offering Parmelee an opportunity to amend his complaint.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota