In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-4782

DAVID S. DAHLER,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA
and FEDERAL BUREAU OF PRISONS,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin
No. 05-C-0463-S—**John C. Shabaz**, *Judge*.

———————

SUBMITTED DECEMBER 15, 2006—DECIDED JANUARY 12, 2007

———————

Before BAUER, MANION, and WILLIAMS, *Circuit Judges*.

PER CURIAM.  David Dahler, a prisoner at the Federal
Correctional Institution in Oxford, Wisconsin, claims
that Bureau of Prisons officials lost several pieces of his
property after detaining the items in a "shakedown." He
sued the government under the Federal Tort Claims Act,
28 U.S.C. § 1346(b), to recover the value of those items. The
district court concluded that the government was im-
mune from his suit. We reverse.

At issue in this appeal is whether the government is
immune from a tort suit arising out of the detention and

inadvertent destruction of a prisoner's property by BOP officials. According to Dahler, in February 2000 two pairs of tennis shoes, three t-shirts, and one sweatshirt were taken from his cell during a "shakedown" of the prison. He sought to have these items returned, but the prison could find no record of his property. He subsequently filed an administrative tort claim, which the BOP denied in June 2005. That same month, Dahler filed his complaint, under the FTCA, in district court.

Having found the government immune from Dahler's suit, the district court dismissed his complaint for lack of subject matter jurisdiction. The court acknowledged our holding in *Ortloff v. United States*, 335 F.3d 652 (7th Cir. 2003), that the government has waived its sovereign immunity under the FTCA with regard to suits arising from the tortious acts of BOP officials. *Id.* at 656-60. But the district court went on to explain that Congress had since enacted the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub L. No. 106-185, 114 Stat. 211, which among other things amended the applicable provision of the FTCA, 28 U.S.C. § 2680(c), that exempts the government from tort liability for claims relating to the seizure of property by certain law enforcement officers. The district court concluded that the CAFRA amendments excluded claims like Dahler's from the FTCA's waiver of immunity.

On appeal, Dahler argues that his case is controlled by *Ortloff.* We understand him to contend that the CAFRA amendments should not affect our prior interpretation of § 2680(c).

The United States government may be sued only where Congress has waived its sovereign immunity. *LaBonte v. United States,* 233 F.3d 1049, 1051 (7th Cir. 2000). The FTCA waives the government's immunity, making

the government liable to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). But this general waiver of immunity is subject to several exceptions, only one of which—28 U.S.C. § 2680(c)—is relevant here. Section 2680(c) provides that the government's waiver of immunity "shall not apply to . . . [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, *or other property* by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c) (2000) (amended language in italics).

In *Ortloff*—where we construed the version of § 2680(c) that existed before CAFRA's amendments, *see Ortloff,* 335 F.3d at 657, n.2—we held that the term "any other law enforcement officer" referred only to law enforcement officers performing functions related to customs and excise duties. *Id.* at 658. We so held for three reasons: (1) the principles of statutory interpretation *noscitur a sociis* and *ejusdem generis* counseled that the phrase "any other law enforcement officer" must be read in light of § 2680(c)'s opening reference to claims arising out of the "collection of any tax or customs duty" and the specific class of officers identified, namely "any officer of customs or excise"; (2) the exceptions in § 2680 were carved out to preclude tort suits where other remedies were already available, which was the case for claims against officers carrying out customs and tax laws, but not true for federal law enforcement officers acting outside the authority of customs and tax laws; and (3) reading the exception to include all other law enforcement officers would render

superfluous the "any officer of customs or excise" language. *Id.* at 658-59. Since BOP officials do not perform "functions related to customs and excise duties", we concluded that the government could be held liable under the FTCA for the acts of BOP officials. *Id.* at 661.

The government argues that the CAFRA amendments compel a finding that Congress intended "any other law enforcement officer" to be construed broadly to include BOP officials. The government explains that CAFRA added to § 2680(c) an exclusion to the exception which re-waives the government's immunity for certain seizures of property made in connection with asset-forfeiture laws. This exclusion provides that the government's immunity *is* waived for:

> any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—
>
> > (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> >
> > (2) the interest of the claimant was not forfeited;
> >
> > (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> >
> > (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

*Id.*

According to the government, this exclusion to the exception reflected Congress's acknowledgment that prior to the CAFRA amendments, officers who had been involved in asset forfeitures, but not necessarily involved in taxation or customs, were immune under § 2680(c).

Based on our review of § 2680(c)'s text, the relevant caselaw, and the legislative history of CAFRA, we conclude that the new language in § 2680(c) does not affect the meaning of the phrase "any law enforcement officer." According to its plain language, the exclusion to the exception created by CAFRA merely ensures that § 2680(c) does not foreclose claims related to property that has been seized for forfeiture in the enumerated circumstances. The text of CAFRA says nothing about the type of activities in which law enforcement officers must be engaged in order for § 2680(c) to initially apply and thus immunize the government from suit. In that vein, the Fourth Circuit, in *Andrews v. United States*, 441 F.3d 220 (4th Cir. 2006), recently found CAFRA unhelpful in interpreting § 2680(c) and eventually held, as we did in *Ortloff,* that the FTCA waives the government's sovereign immunity from suits involving the detention of a prisoner's property by BOP officials*. See id.* at 226-27. And tellingly, two of our sister circuits did not even cite, let alone discuss, CAFRA's exclusion from the exception when determining whether the term "law enforcement officer" in post-CAFRA § 2680(c) includes BOP officials. *See Bramwell v. United States Bureau of Prisons*, 348 F.3d 804, 806-07 (9th Cir. 2003); *Chapa v. United States Dept. of Justice, et al.,* 339 F.3d 388, 389-90 (5th Cir. 2003). Indeed, Congress intended the amendment to apply only to forfeitures—not to every detention—of property. *See* CAFRA § 21, 114 Stat. at 225 (codified at 8 U.S.C. § 1324 note) (". . . the amendments

made by [CAFRA] shall apply to any *forfeiture proceeding . . .*") (emphasis added); H.R. Rep. No. 106-192, at 18 (1999) ("The bill amends the [FTCA] to allow for claims against the United States based on the destruction, injury, or loss of goods, merchandise, or other property . . . *if the property has been seized for the purpose of forfeiture.*") (emphasis added).

Having found nothing in the CAFRA amendments to compel otherwise, we reaffirm our holding that the term "any other law enforcement officer" in § 2680(c) applies only to those officers performing customs or excise related functions. *See Ortloff*, 335 F.3d at 658. Section 2680(c) therefore does not divest the district court of jurisdiction over Dahler's complaint. Accordingly, we reverse the district court's order dismissing Dahler's complaint for lack of subject matter jurisdiction and remand for proceedings consistent with this opinion.

REVERSED and REMANDED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*