06-1362-cv
ABC v. DEF .

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2006

(Argued: April 23, 2007     Decided: September 5, 2007)

Docket No. 06-1362-cv

- - - - - - - - - - - - - - - - - - - - -x

ABC,

                    Plaintiff-Appellant,

          -v.-

DEF,

                    Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

        Before:        JACOBS, Chief Judge, LEVAL and POOLER,
                       Circuit Judges.

Appeal from the judgment of the United States District Court for the Southern District of New York (Daniels, J.), dismissing ABC's complaint for lack of subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), & 2671-2680.

Vacated in part and remanded.

                              ABC, pro se.

PETER HALPIN, JUSTIN KOLBENSCHLAG, ERICA LAPLANTE (Jonathan H. Romberg, on the brief), for Seton Hall University School of Law Center for Social Justice, Newark, NJ, as amicus curiae in support of Appellant.[*]

KRISTIN L. VASSALLO, Assistant United States Attorney (Elisabeth Wolstein, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

DENNIS JACOBS, Chief Judge:

A federal prison inmate pro se appeals from the judgment of the United States District Court for the Southern District of New York (Daniels, J.), dismissing his claim against the United States based on the allegation that a prison officer negligently detained and lost his property during his transfer from one cell to another.  The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States for certain civil actions, with various

---

[*] The Seton Hall University School of Law Center for Social Justice ("CSJ") served as counsel for appellant Jack Lewis in Lewis v. United States, No. 05-2366, which was to be heard in tandem with this case.  When Lewis was dismissed by stipulation prior to oral argument, CSJ successfully moved to participate in this appeal as amicus curiae.

exceptions, and vests jurisdiction in the district courts. 28 U.S.C. §§ 1346(b), 2680(a)-(n).  The district court dismissed the claim on the ground that § 2680(c), one of the exceptions to the FTCA's waiver, bars jurisdiction for claims involving the detention of goods "by any officer of customs or excise or any other law enforcement officer." The court ruled that a prison officer is such an "other law enforcement officer."  We conclude that the phrase "any other law enforcement officer," as used in § 2680(c), references only law enforcement officers who are functioning in a capacity akin to that of a customs or excise officer. Since plaintiff's claim is not barred by § 2680(c), we vacate the judgment in relevant part and remand for further proceedings consistent with this opinion.

**I**

Plaintiff-appellant ABC is a federal prisoner whose name is concealed in this opinion and in the caption; the district court proceedings are largely under seal (including the opinion reviewed on this appeal); and our statement of facts (accepted as true by the district court) is spare.

Sometime in 2001, the government came to believe that information regarding ABC's cooperation with the authorities

might have been disclosed to other prisoners. For his safety, ABC was transferred to a special housing unit. He was told by a prison official that certain property in his cell and in storage would be transferred with him. About six weeks after the transfer, ABC surveyed his property and discovered that many items were missing. He brought this action seeking money damages against the United States, the United States Department of Justice ("DOJ"), and the Federal Bureau of Prisons ("BOP"), alleging that the loss of his property was the result of negligence by federal prison officials during the transfer.[1] ABC's claims against the DOJ and the BOP were dismissed because the FTCA does not permit suits against federal agencies, see Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991); see also 28 U.S.C. § 2679(a), a ruling that is not contested on appeal. As to ABC's claim against the United States, the district court concluded that there was no waiver of sovereign immunity (and that the district court therefore lacked jurisdiction) because the BOP official responsible for transferring ABC's property was an "other law enforcement

---

[1] The district court observed that ABC exhausted his administrative remedies. The government does not contest the issue on appeal.

4

officer" under § 2680(c).  This appeal followed.

## II

In relevant part, the FTCA vests the district courts with

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  This is a "broad waiver of sovereign immunity," Kosak v. United States, 465 U.S. 848, 852 (1984); but it is subject to numerous exceptions, see 28 U.S.C. § 2680(a)-(n).  Relevant here, § 2680(c) excepts claims regarding the detention of property "by any officer of customs or excise or any other law enforcement officer."

The government contends that "any other law enforcement officer" should be read broadly to encompass any law enforcement officer who has detained any property in any law enforcement context.  ABC contends that the phrase should be read more narrowly, in light of the surrounding text, to reference only law enforcement officers who are acting in a

5

customs or excise capacity.[2]

Our sister circuits are split on this issue. Compare Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003) (adopting the broad reading of the exception advanced by the government); Chapa v. U.S. Dep't of Justice, 339 F.3d 388 (5th Cir. 2003) (per curiam) (same); Hatten v. White, 275 F.3d 1208 (10th Cir. 2002) (same); Cheney v. United States, 972 F.2d 247 (8th Cir. 1992) (per curiam) (same); Schlaebitz v. U.S. Dep't of Justice, 924 F.2d 193 (11th Cir. 1991) (per curiam) (same); Ysasi v. Rivkind, 856 F.2d 1520 (Fed. Cir. 1988) (same), with Andrews v. United States, 441 F.3d 220 (4th Cir. 2006) (adopting the narrow reading of the exception advanced by ABC); Ortloff v. United States, 335

---

[2] Because we conclude that § 2680(c) relates only to law enforcement officers acting in a customs or excise capacity, we need not decide whether federal prison employees generally, or the particular federal prison employee allegedly responsible for the loss of ABC's property, are "law enforcement" officers for the purpose of § 2680(c). But cf. Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003) (holding that prison officers are law enforcement officers under § 2680(c)); Chapa v. U.S. Dep't of Justice, 339 F.3d 388 (5th Cir. 2003) (per curiam) (same); Hatten v. White, 275 F.3d 1208 (10th Cir. 2002) (same); see also 18 U.S.C. § 3050 (authorizing BOP officers and employees to make arrests in certain circumstances and to carry firearms). A prison employee detaining a prisoner's property in connection with a transfer is not acting in a customs or excise capacity, so § 2680(c) does not apply.

F.3d 652 (7th Cir. 2003) (same); <u>Bazuaye v. United States</u>, 83 F.3d 482 (D.C. Cir. 1996) (same); <u>Kurinsky v. United States</u>, 33 F.3d 594 (6th Cir. 1994) (same).  The Supreme Court has granted a writ of certiorari to decide the question.  <u>Ali v. Fed. Bureau of Prisons</u>, 127 S. Ct. 2875 (2007).

The issue first arose in this Circuit in <u>Formula One Motors, Ltd. v. United States</u>, in which agents of the Drug Enforcement Administration ("DEA") had seized a car being shipped to the United States from Italy, searched it for illegal drugs, and allegedly damaged the car in the process. 777 F.2d 822, 822-23 (2d Cir. 1985).  In discussing whether the FTCA permitted suit against the United States, we observed that § 2680(c) "might suggest a more narrow reading" of the exception than the one advanced (then as now) by the government; but we did not so hold because we concluded that the DEA agents were performing a function "sufficiently akin to the functions carried out by Customs officials"; accordingly, we held that "the agents' conduct [was] within the scope of section 2680(c)."  <u>Id.</u> at 823-24.

We now join a sound minority of the courts of appeals, and conclude that the phrase "other law enforcement officer" in § 2680(c) references only law enforcement officers whose

7

function or authority are related to customs or excise functions.[3] See id. at 822-24 (holding that § 2680(c) applied to the detention of "an automobile still in transit from overseas" because the detention was "sufficiently akin to the functions carried out by Customs officials").[4]

## III

"The starting point of our analysis of these competing interpretations must, of course, be the language of §

_____

[3] The courts of appeals that have adopted a similar view of § 2680(c) have limited the phrase "other law enforcement officer" in various ways. The District of Columbia Circuit has held that § 2680(c) applies only if the officer was "acting under the authority of the tax or customs laws such that he would be eligible for indemnification under 28 U.S.C. § 2006." Bazuaye, 83 F.3d at 486. Other circuits have declined to look to the officer's statutory authority, and have instead required only a relationship between the detention at issue and customs or excise functions. See Andrews, 441 F.3d at 227 ("limited to those officers acting in a tax or customs capacity"); Ortloff, 335 F.3d at 658 ("applies only to law enforcement officers performing functions related to customs and excise duties"); Kurinsky, 33 F.3d at 598 ("limited to the detention of goods by law enforcement officers acting in a tax or customs capacity"). We need not choose among these various approaches, because in this case, regardless of which test is employed, the prison employees involved would not come within the exception.

[4] This conclusion is more categorical than the wording used by this Circuit in Formula One, and as such, is closer to the view expressed by Judge Oakes in his concurring opinion in that case.

8

2680(c)."  Kosak v. United States, 465 U.S. 848, 853 (1984). We look first to the plain and commonsense meaning of the statute.  United States v. Dauray, 215 F.3d 257, 260 (2d Cir. 2000).

Without context, the phrase "any other law enforcement officer" would mean (as the government argues) anyone who is a law enforcement officer.  But statutes are not construed in isolation; "the meaning of statutory language, plain or not, depends on context."  King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991).  Section 2680(c)'s exception to the FTCA's waiver of immunity is expressed in two phrases (as marked):

> Any claim arising in respect of [1] the assessment or collection or any tax or customs duty, or [2] the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . .

The first phrase relates only to the customs and excise functions of government.  The second phrase, which concerns the detention of property by "any other law enforcement officer," is similarly confined by context to customs and excise.

If "any other law enforcement officer" were read to mean any law enforcement officer doing anything, then the immediately preceding language regarding "any officer of

customs or excise" would be superfluous.  But, as a general proposition of statutory interpretation, we are counseled "'to give effect, if possible, to every clause and word of a statute,' and to render none superfluous."  Collazos v. United States, 368 F.3d 190, 199 (2d Cir. 2004) (quoting Duncan v. Walker, 533 U.S. 167, 174 (2001)); see also Tablie v. Gonzales, 471 F.3d 60, 64 (2d Cir. 2006) (concluding that a proffered construction's reduction of statutory language to surplusage was "fatal").

The government contends that ABC's reading does violence to the statutory language by replacing what Congress actually said ("any other law enforcement officer") with something Congress did not ("any other law enforcement officer acting in a customs or excise capacity").  But statutes are drawn to be to be read in context.  When a general term such as "any other law enforcement officer" follows the enumeration of specific types of law enforcement officers, the general term is often "understood as a reference to subjects akin to the one[s] with specific enumeration."  Norfolk & W. Ry. Co. v. Am. Train Dispatchers' Ass'n, 499 U.S. 117, 129 (1991).  To the extent the phrase "any law enforcement officer" is ambiguous, "the meaning of doubtful terms or phrases may be determined by

reference to their relationship with other associated words or phrases." Dauray, 215 F.3d at 262. As the District of Columbia Circuit explained in interpreting § 2680(c): "if a statute lists 'fishing rods, nets, hooks, bobbers, sinkers and other equipment,' 'other equipment' might mean plastic worms and fishing line, but not snow shovels or baseball bats." Bazuaye v. United States, 83 F.3d 482, 484 (D.C. Cir. 1996) (citation omitted).[5]

**IV**

In 2000, the FTCA was amended by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. 106-185, 114 Stat. 202 (2000). The government contends that the CAFRA amendments compel a broad reading of the phrase "any other law enforcement officer," relying on the principle that "[a] statute should be construed to be consistent with subsequent statutory amendments," Dauray, 215 F.3d at 263.

CAFRA effected three amendments to § 2680(c), two of

---

[5] Our reading is also consistent with the history behind the adoption of the FTCA in 1946, as other courts adopting the minority position have recognized. See, e.g., Bazuaye, 83 F.3d at 485-86.

which are arguably relevant:[6] [i] changing the phrase "the detention of any goods or merchandise" to "the detention of any goods, merchandise, or other property," see CAFRA § 3(a)(1), 114 Stat. at 211; and [ii] inserting the following text at the conclusion of the subsection:

> , except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--
>
> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

Id. § 3(a)(3), 114 Stat. at 211 (internal quotation marks omitted).

---

[6] The third amendment, which is not relevant to this appeal, reflects Congress's evolving approach to the use of hyphens: "striking 'law-enforcement' and inserting 'law enforcement.'" CAFRA § 3(a)(2), 114 Stat. at 211.

As to the first CAFRA amendment, the government argues that the additional phrase ("or other property") "only make[s] sense if the statute is read to apply to all law enforcement officers, not merely those engaged in customs or excise duties." But our reading of § 2680(c) is entirely compatible with its application where "other property" is detained by an officer acting in a customs or excise capacity. Cf. Cheney v. United States, 972 F.2d 247, 249 (8th Cir. 1992) (Gibson, J., dissenting) (concluding that plaintiff's sports car was not "'goods or merchandise' within the meaning of 28 U.S.C. § 2680(c)").

The second (longer) CAFRA amendment creates "an exclusion to the [§ 2680(c)] exception which re-waives the government's immunity for certain seizures of property made in connection with asset-forfeiture laws." Dahler v. United States, 473 F.3d 769, 771 (7th Cir. 2007) (per curiam). Thus CAFRA amended § 2680(c) to allow claims based on loss or damage to property that "was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." CAFRA § 3(a)(3), 114 Stat. at 211 (emphasis added). The government relies on the phrase "forfeiture under any provision of Federal law,"

13

arguing that it is broader than provisions relating only to customs or excise, and that it reflects Congress's understanding that § 2680(c) applies to the detention of property by officers other than those acting in a customs or excise capacity.

The government has a reasonable (although not necessarily conclusive) argument that this was Congress's view in 1999.  The Report of the House Judiciary Committee on CAFRA expressed the view that under the pre-CAFRA version of § 2680(c) the "federal government is exempted from liability under the [FTCA] for damage to property while detained by law enforcement officers."  H.R. Rep. No. 106-192, at IV(5) (1999), available at 1999 WL 406892, at *18 (emphasis added).  That was, for the most part, an accurate reflection of the general view of the courts: in 1999, four out of five courts of appeals to address the question had adopted a broad reading of § 2680(c).[7]  But the understanding of Congress in 1999, assuming that was its

[7] Compare Cheney, 972 F.2d 247; Schlaebitz v. U.S. Dep't of Justice, 924 F.2d 193 (11th Cir. 1991) (per curiam); Ysasi v. Rivkind, 856 F.2d 1520 (Fed. Cir. 1988); United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds, 726 F.2d 1481 (10th Cir. 1984), with Kurinsky v. United States, 33 F.3d 594 (6th Cir. 1994).

14

understanding,[8] does not control the interpretation of a law passed fifty years before. "[S]ubsequent legislative history provide[s] an extremely hazardous basis for inferring the meaning of a congressional enactment," Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 118 n.13 (1980); and the understanding of a future Congress "will rarely override a reasonable interpretation of a statute that can be gleaned from its language," id.

The relevant question is not how § 2680(c) was read by the Congress that passed CAFRA. What matters is whether our reading of § 2680(c) is consistent with the CAFRA amendments. See Dauray, 215 F.3d at 263. It is.

The CAFRA exclusion from § 2680(c), re-waiving immunity, applies "for the purpose of forfeiture under any provision of Federal law." 28 U.S.C. § 2680(c)(1). As the government emphasizes, this category is broader than the customs or excise laws. But inconsistency with our reading of the statute arises only if one makes the invalid assumption that officers acting in a customs or excise capacity can effect forfeitures only under the customs or

---

[8] In the House Judiciary Committee Report, Congress appeared to be concerned primarily about boats and other conveyances, which are often detained by customs and excise officials in service of enforcing the nation's drug laws.

15

excise laws.

One example close at hand is Formula One Motors Ltd. v. United States, in which DEA agents seized a car, searched it for illegal drugs, and allegedly damaged the car in the process.  777 F.2d 822, 822-23 (2d Cir. 1985).  We concluded that § 2680(c) barred a claim against the United States because the agents were acting in a customs capacity.  Id. at 823-24.  But if (hypothetically) DEA agents found illegal drugs in a car traveling within the confines of the United States, then the car would be subject to forfeiture, see 21 U.S.C. § 881(a) (subjecting to forfeiture containers for illegal drugs, vehicles used to transport illegal drugs, and other property), and if the car is "seized for the purpose of forfeiture under" 21 U.S.C. § 881(a), then CAFRA would presumably apply, despite the fact that 21 U.S.C. § 881(a) is not a provision of federal law relating to customs or excise.  This single instance drawn from our case law sufficiently demonstrates that the CAFRA amendments are not inconsistent with our reading of § 2680(c).

**V**

The government advances two additional arguments, neither of which need detain us long.  First, the government

16

points to subsection (h) which--in contrast to § 2680(c)--defines "law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  28 U.S.C. § 2680(h).  Under this definition, federal prison officers are "law enforcement officers."  See 18 U.S.C. § 3050.  But the definition of "law enforcement officer" in subsection (h) is expressly limited to subsection (h) and does not apply to § 2680 generally.  See 28 U.S.C. § 2680(h) ("For the purpose of this subsection, 'investigative or law enforcement officer' means . . . ." (emphasis added)).  If subsection (h) has any bearing on this appeal, it provides an example of what § 2680(c) could have said had Congress wanted to broaden the category of law enforcement officers, or what Congress could say if it wished to do so now.  And even if the definition in subsection (h) applied explicitly to subsection (c), that would not necessarily aid the government, because there is no indication that the BOP employees who allegedly lost ABC's property were of the sort who are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."

17

Second, the government contends that because the question is one of sovereign immunity, we should not construe § 2680(c) to effect a broad waiver of immunity unless it does so clearly and unequivocally. See Lane v. Pena, 518 U.S. 187, 192 (1996). Such a preferential reading is not called for because § 2680(c) is not a waiver of immunity, but rather an exception to a waiver of immunity: "[T]he proper objective of a court attempting to construe one of the subsections of 28 U.S.C. § 2680 is to identify those circumstances which are within the words and reason of the exception--no less and no more." Kosak v. United States, 465 U.S. 848, 853 n.9 (internal quotation marks omitted).

*    *    *

For the foregoing reasons, we vacate the district court's dismissal of ABC's FTCA claim against the United States, and remand for further proceedings consistent with this opinion.

18