

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2009

# Gibson v. Sadowski

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4677

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gibson v. Sadowski" (2009). *2009 Decisions*. Paper 1974.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1974

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-81                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4677
_____

VANCE MARCEL GIBSON,
                                        Appellant

v.

N.E. REGIONAL DIR. HENRY J. SADOWSKI;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00242)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 23, 2009
Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 29, 2009)
_____

OPINION
_____

PER CURIAM

    Vance Marcel Gibson, a federal prisoner proceeding pro se, appeals the dismissal

of his lawsuit alleging violations of the Federal Tort Claims Act ("FTCA").  Because the

appeal presents no substantial question, we will summarily affirm.  LAR 27.4; I.O.P.

10.6.

In August 2004, Gibson filed a complaint, which he later amended, under the Federal Torts Claims Act ("FTCA"), alleging that Bureau of Prisons ("BOP") staff lost or destroyed various items of his personal property while he was incarcerated at FCI-McKean. The amended complaint named as defendants the United States of America and Henry J. Sadowski, Northeast Regional Counsel of the BOP. Gibson sought $237.52 in monetary damages, plus $20,000 in compensatory damages for "cruel and unusual punishment." The defendants filed a motion to dismiss, or in the alternative, for summary judgment. The matter was referred to a Magistrate Judge, who recommended granting the defendants' motion. The United States District Court for the Western District of Pennsylvania ultimately agreed, holding (1) that Gibson had failed to exhaust his administrative remedies with respect to certain claims; (2) that it lacked jurisdiction over Gibson's request for compensatory damages because it exceeded the amount of the claim presented to the BOP; (3) that Defendant Sadowski was not a proper party under the FTCA; and (4) that the BOP officers who allegedly lost his property qualify as "other law enforcement officers" for purposes of 28 U.S.C. § 2680(c), thereby exempting them from the FTCA's general waiver of sovereign immunity.[1] Gibson appealed.

---

[1] Initially, the District Court did not adopt the Magistrate Judge's broad interpretation of the phrase "other law enforcement officers." The United States filed a motion for reconsideration, which the District Court granted, essentially holding that a 2000 amendment to § 2680(c) demonstrated that it applied to BOP corrections officers.

Appellate jurisdiction exists under 28 U.S.C. § 1291, and we may affirm on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees "under circumstances where . . . a private person . . . would be liable" under applicable state tort law. See 28 U.S.C. § 1346(b)(1). But the FTCA exempts from this waiver certain claims, including "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." § 2680(c). When the District Court considered Gibson's claims, there was disagreement among the Courts of Appeals as to whether this provision applied only to officers performing customs or excise functions, or if it applied to all law enforcement officers. See ABC v. DEF, 500 F.3d 103, 106 (2d Cir. 2007) (noting split of authority on the issue). Since then, however, the United States Supreme Court has held that claims against corrections officers who are accused of mishandling an inmate's property fall with the FTCA's exception to the United States' waiver of sovereign immunity. See Ali v. Fed. Bureau of Prisons, – U.S. –, 128 S. Ct. 831, 840-41 (2008). Therefore, because Gibson's claims are barred by the exception to tort liability found in § 2680(c), the District Court properly dismissed the lawsuit for lack of subject matter jurisdiction. See id.; see also Kosak v. United States, 465 U.S. 848, 854 (1984) (holding

3

that phrase "any claim arising in respect of" the detention of goods means any claim "arising out of" the detention of goods, and includes a claim resulting from negligent handling or storage of detained property.).

We will summarily affirm the order of the District Court.