NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009[*]
Decided December 22, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3737

| | |
|---|---|
| SCOTTER R. CLARK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 04-CV-862-WDS |
| | |
| UNITED STATES OF AMERICA, et al., | William D. Stiehl, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Employees at the federal prison in Greenville, Illinois, confiscated and destroyed 347 photographs belonging to inmate Scotter Clark. Clark refused an offer to settle for $135 and instead filed suit against the United States under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346(b)(1), 2671–80. He later amended his complaint to add a second claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that six prison employees had engaged in a pattern of harassment to retaliate for his lawsuit. The district court dismissed both claims, the first on the basis of sovereign

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

immunity, *see* 28 U.S.C. § 2680(c), and the second for failure to exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a).  Clark appeals.

The FTCA's waiver of sovereign immunity does not apply to claims involving the detention of property "by any officer of customs or excise or any other law enforcement officer."  28 U.S.C. § 2680(c).  At the time Clark filed his complaint, we interpreted the phrase "any other law enforcement officer" to include only those officers performing customs or excise duties.  *See Dahler v. United States*, 473 F.3d 769, 772 (7th Cir. 2007); *Ortloff v. United States*, 335 F.3d 652, 657–58 (7th Cir. 2003).  But while Clark's case was pending, the Supreme Court announced that the phrase encompasses *all* law-enforcement officers, including Bureau of Prisons employees.  *See Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 834 (2008).  Reasoning that the Supreme Court's controlling interpretation of § 2680(c) was entitled to "full retroactive effect in all cases still open on direct review," *see Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993), the district court held that the United States was immune from Clark's FTCA claim.

Clark apparently accepts that *Ali*'s interpretation of § 2680(c) applies to this litigation, *see Parrott v. United States*, 536 F.3d 629, 635 (7th Cir. 2008), but he seeks to dodge *Ali* by asking us to consider equitable factors and fashion a remedy for his loss; after all, he insists, he was relying on our erroneous interpretation of § 2680(c) when he decided to sue instead of accepting the Bureau of Prisons' offer of compensation.  But Clark's reliance on our mistaken view of § 2680(c) does not thwart *Harper*'s rule of retroactivity, *see Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 759 (1995), and thus we are not free to evaluate whether applying the Supreme Court's controlling interpretation of that provision "would be inequitable or undermine reliance interests," *see Felzen v. Andreas*, 134 F.3d 873, 877 (7th Cir. 1998).  *See also Mojica v. Gannett Co.*, 7 F.3d 552, 564 (7th Cir. 1993) ("Judicial interpretations 'change the law' from (losing) litigants' perspective, but from the judicial perspective the process of interpretation aims at getting as close as one can to a meaning that predates the litigation.").

As for Clark's retaliation claim, the district court acknowledged that Clark had filed a formal grievance with the warden at Greenville.  *See* 28 C.F.R. § 542.14.  But the district court reasoned that after the warden denied that grievance on the ground that Clark had failed to first attempt an informal resolution, *see id.* § 542.13(a), Clark should have appealed the decision to either the prison's regional director or general counsel, *see id.* § 542.15(a).  And because Clark did not, the district court concluded, he did not comply with the exhaustion requirement of 42 U.S.C. § 1997e(a).

    In this court, Clark does not defend his failure to appeal the warden's rejection of his formal grievance. Instead he points out that inmates are not required to exhaust administrative remedies that prison officials have made unavailable through interference, *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006), and he cites the affidavit he submitted to the district court attesting that after the warden's decision, he was refused the necessary forms to attempt an informal resolution. That affidavit does not explain the failure to file an administrative appeal, and more importantly, it was not submitted until after a magistrate judge had recommended granting the prison employees' motion for summary judgment. Until then, Clark had said nothing about staff interference; instead he had said repeatedly that he deemed further efforts to use the grievance process futile and thus had not bothered. The district court, in adopting the magistrate judge's report and recommendation, did not abuse its discretion by refusing to consider the late-submitted affidavit and indulge Clark's belated attempt to change his story. *See* 28 U.S.C. § 636(b)(1); *Jasty v. Wright Med. Tech., Inc.*, 528 F.3d 28, 33–34 (1st Cir. 2008); *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). And apart from the affidavit, Clark has no answer to the district court's determination that he failed to exhaust his administrative remedies.

                                                                                                                        AFFIRMED.