09-2165-cv
McCracken v. Brookhaven Science Associates, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:
> ROGER J. MINER,
> GERARD E. LYNCH,
>    *Circuit Judges,*
> DAVID G. TRAGER,[*]
>    *District Judge.*

---

Ted A. McCracken,

> *Plaintiff-Appellant,*

> v.                                             No. 09-2165-cv

Brookhaven Science Associates LLC,
*et al.,*

> *Defendants-Appellees.*

---

FOR APPELLANT: Ted A. McCracken, pro se, North Wales, Pennsylvania, on submission.

---

[*]The Honorable David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEES BROOKHAVEN SCIENCE ASSOCIATES LLC, et al.:
Michael Stewart Cohen, Nixon Peabody LLP, New York, New York, on submission.

FOR APPELLEES UNITED STATES OF AMERICA, et al.:
Varuni Nelson and David M. Eskew, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, New York, New York, on submission.

FOR APPELLEE RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK:
William G. Ballaine and Amit Sondhi, Landman Corsi Ballaine & Ford, P.C., New York, New York, on submission.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant appeals from the district court's order dismissing his complaint and its subsequent orders denying reconsideration. We assume familiarity with the facts and the proceedings below.

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __ , 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Although this rule applies to *pro se* complaints, we read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted).

Dismissals without leave to amend are generally disfavored,

2

and *pro se* plaintiffs typically should be afforded an opportunity to amend their complaints. *See McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d Cir. 2004). But courts must dismiss in forma pauperis complaints that are frivolous or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This Court may affirm dismissal on any basis supported by the record. *See AmBase Corp. v. City Inv. Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003).

Here, Appellant's central claim, that experiments conducted at Brookhaven National Laboratory ("Brookhaven") released radiation that gave him thyroid cancer, while not facially inconceivable, failed to state a claim upon which relief could be granted, because it was unsupported by any specific factual allegations to draw the inference that Brookhaven was liable. Appellant never worked at Brookhaven; he alleges only that "he has for thirty-three (33) years resided in the vicinity of" Brookhaven;[1] and he gives no hint in his pleading of any fact suggesting that Brookhaven, or any other defendant for that matter, was responsible for the alleged leaks. *See Iqbal*, 129 S. Ct. at 1949 ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.").[2]

---

[1] **Appellant's closest residence to Brookhaven was over twenty miles away in Commack, New York, where he claims he lived for four years.**

[2] Appellant also sued a number of defendants operating laboratories scattered around the country. But there is even less apparent possibility that they are responsible for his

3

A review of both of Appellant's proposed amended complaints demonstrates that he would have been unable to state a claim against the defendants even if granted leave to amend; thus, the district court did not abuse its discretion in denying leave to amend and denying reconsideration of its final order dismissing the complaint.  Even if this Court were to consider the report that Appellant presents for the first time on appeal, that document does not support an inference of wrongdoing by any defendant; accordingly, it does not demonstrate that Appellant's claims were plausible or that remand is necessary.

McCracken argues that the district court was wrong to dismiss his claims against the federal defendants because the nuclear testing was "extremely ultrahazardous" and "therefore the US should not be able to simply defer all responsibility to its independent contractor."  But the federal defendants were properly dismissed for lack of subject matter jurisdiction, because the agencies were not subject to suit under the Federal Tort Claims Act, *see* **ABC v. DEF, 500 F.3d 103, 105 (2d Cir. 2007) ("[T]he FTCA does not permit suits against federal agencies."),** and the United States was properly dismissed because the alleged wrongful conduct was attributable to independent contractors, *see United States v. Orleans*, 425 U.S. 807, 813-14 (1976) (FTCA

injuries, as many of them are located hundreds of miles away from Appellant, in such places as California, New Mexico, and Illinois.

4

sovereign immunity waiver applies only to torts committed by United States government employees acting within the scope of employment, and not to independent contractors).

We have considered all of Appellant's arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED.**

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk