Charles L. CRAWFORD, Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Defendants.**

No. 5:98CV73BrS.

United States District Court,
S.D. Mississippi,
Western Division.

Sept. 20, 2000.

Charles Lee Crawford, Jr., Estill, SC, plaintiff pro se.

Dolan D. Self, Jr., J. Clifton Johnson, II, U.S. Attorney's Office, Jackson, MS, for Federal Bureau of Prisons, defendant.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

Before the Court is the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (docket entries 19–2 and 19–3). Having considered the motion, the Plaintiff's response, and the Defendants' rebuttal, the Court finds, for the reasons explained below, that the motion to dismiss should be granted and that this case should be dismissed without prejudice. A separate judgment will be entered. Fed.R.Civ.P. 58.

## BACKGROUND

Plaintiff, who was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI–Yazoo City") at the time he filed this suit, initiated this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2672 et seq., alleging that he had exhausted his administrative remedies. He has sued the U.S. Department of Justice, the Federal Bureau of Prisons, and Officer B.L. Owens. By previous order entered in this case, the United States of America was substituted for defendant Owens, and Owens was dismissed from the case.[1] In his complaint, he alleges that while he was temporarily housed at the United States Medical Center for Federal Prisoners located at Springfield, Missouri, for repairs to his prosthetic limb, he was placed on Administrative Detention on December 18, 1996. On December 20, 1996, a property officer and Bureau of Prisons employee, Owens, inventoried Crawford's personal items, among which was a T.E.N.S. (Tenescular Electrical Nerve Stimulator) Unit and re-

---

1. At the time of that order, the Court, in error, failed to substitute the United States of America for all Defendants at that time. Accordingly, the Court hereby dismisses the U.S. Department of Justice and the Federal Bureau of Prisons as defendants, and hereby substitutes the United States of America as defendant.

lated equipment. Crawford alleges that Owens informed him that the Plaintiff could not retain the T.E.N.S. Unit and related equipment while in Administrative Segregation because it was contraband. According to his complaint and later filings, Crawford alleges that he completed the necessary paperwork and provided postage so that the T.E.N.S. Unit and related equipment could be mailed to his parents' home address.

On December 24, 1996, Plaintiff was released from Administrative Detention and received his property, except the T.E.N.S. Unit and related equipment. Crawford alleges that his parents have never received the equipment, and attempts to locate the equipment at Springfield were unsuccessful. Plaintiff was subsequently transported back to the federal detention facility at Ashland, Kentucky, where he filed an administrative claim for damage, injury or death on March 18, 1997. Document # 6 as attached to Plaintiff's Complaint. He alleges that he exhausted his administrative remedies, then filed this suit.

Plaintiff now seeks actual damages in the amount of $1,819.88, the value he attaches to the T.E.N.S. Unit and related equipment based on its 1990 purchase price. He also seeks compensatory, exemplary, or punitive damages for his pain and suffering, and any special damages for costs incurred as a result of this action, including, but not limited to court costs, attorney fees and costs or equal compensation for his time, and any other types of damages unknown to him.

The United States answered, asserting, among other defenses, that the Court lacks jurisdiction over the case, that the complaint fails to state a claim upon which relief can be granted, that the complaint should be dismissed because the Plaintiff requested damages and alleged acts injuries which he did not include in his administrative claim, and that the United States has not waived its sovereign immunity for claims such as this. The United States subsequently filed this motion to dismiss pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure.

In the motion and supporting memorandum, the United States argues that this Court lacks subject matter jurisdiction, that the Plaintiff's complaint presents no genuine issues of material fact, and that the United States is entitled to judgment as a matter of law. According to the government's memorandum, Crawford failed to pay the necessary mailing costs for his T.E.N.S. Unit and related equipment to be mailed to his parents. Therefore, according to procedure, his equipment was stored for one hundred twenty days, then destroyed on April 28, 1997. *See* Exhibit B to Defendants' Motion to Dismiss.

In his response to the motion, Crawford asserts that he gave sufficient postage to Owens at the time the equipment was confiscated, accordingly, there is no reason the equipment should not have been mailed to his parents. He argues that the equipment was not contraband because he had previously possessed it with the permission of and knowledge of prison officials. He further asserts that personnel at the medical center made no effort to locate the equipment, even though he made a request for assistance over one month prior to the time it was destroyed.

## DISCUSSION

In its motion and supporting memorandum, the United States argues, *inter alia,* that because it has not waived sovereign immunity in situations where a cause of action involves detention of goods by a law enforcement officer, this case must be dismissed for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1); 28 U.S.C. § 2680(c). The Court characterizes this argument as a facial attack on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(1). *Rodriguez v. Texas Comm'n on the Arts,* 992 F.Supp. 876, 879 (N.D.Tex.1998). Rule 12(b)(1) of the Fed-

eral Rules of Civil Procedure provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a motion prior to filing an answer to the complaint. Such attack may also occur at any stage of the proceedings. *Id.* For the purposes of this motion, the allegations of the complaint are taken as true. *Id.* at 878. Although the Court is sympathetic to the Plaintiff's situation, this case must be dismissed for lack of subject matter jurisdiction.

As pointed out by the government's brief, in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the United States has consented to be sued for "injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ." 28 U.S.C. § 1346(b). This waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Johnson v. United States,* 2000 WL 968795, *2 (D.Kan. June 27, 2000) (citing *Bradley v. United States,* 951 F.2d 268, 270 (10th Cir.1991)). The Court must strictly construe the waiver in order to prevent its expansion beyond Congress's intent. *Id.*

There are, however, exceptions to the waiver of sovereign immunity in the FTCA. *See* 28 U.S.C. § 2680(a)–(n). One such exception is for

> [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or *the detention of any goods* or merchandise by any officer of customs or excise or *any other law enforcement officer.*

28 U.S.C. § 2680(c) (emphasis added). The government asserts the exception for law enforcement employees should be applied to Bureau of Prisons employees. Therefore, the government asserts, because the Plaintiff's property was seized and detained by a correctional officer acting within the scope of his employment, the exception to liability applies to the Defendants. Employing this reasoning, the government argues that this claim is excluded under the FTCA, and, therefore, should be dismissed.

The Fifth Circuit has interpreted the phrase "other law enforcement officer" broadly to hold that " § 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of goods by any federal law enforcement officers in the performance of their lawful duties." *Halverson v. United States,* 972 F.2d 654, 656 (5th Cir.1992). In *Halverson,* the Fifth Circuit found that Immigration and Naturalization Service ("INS") Border Patrol agents were law enforcement officers under § 2680(c). *Id.* (citing *Schlaebitz v. United States,* 924 F.2d 193, 194 (11th Cir.1991) (luggage confiscated by U.S. Marshal); *Ysasi v. Rivkind,* 856 F.2d 1520 (Fed.Cir.1988) (property confiscated by INS); *Formula One Motors v. United States,* 777 F.2d 822 (2nd Cir.1985) (merchandise destroyed by the Drug Enforcement Agency); *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481 (10th Cir.1984) (property seized by the Department of Agriculture)). Other federal courts have extended § 2680(c)'s exception to Bureau of Prisons ("BOP") employees for FTCA claims based on loss of detained property. *See Parmelee v. Carlson,* 77 F.3d 486 (table decision), 1996 WL 64701 (8th Cir. Feb.15, 1996) (dismissal for lack of jurisdiction of FTCA claim against BOP officer for negligent detention and subsequent disposal of personal property upheld pursuant to exception in § 2680(c)); *Johnson v. United States,* 2000 WL 968795 (D.Kan. June 27, 2000) (FTCA claim against BOP officers for loss of property during detention and transfer dismissed for lack of subject matter jurisdiction under exception in § 2680(c) for law enforcement officers); *Dennison v. United States,* 2000 WL 206317 (D.Kan. Jan.14, 2000) (FTCA claim against criminal investigator for BOP for loss of confiscated property dismissed for lack of subject matter jurisdiction under exception in § 2680(c) for law enforcement officers); *Hernandez v. Hawks,* 1995 WL 692982 (D.Minn. Sept.28,

1995) (FTCA claim against BOP officers for loss of detained property dismissed for lack of subject matter jurisdiction under exception in § 2680(c) for law enforcement officers).

Employing the reasoning and instruction of the above discussed cases, the Court finds that this case must be dismissed for lack of subject matter jurisdiction. As alleged in his complaint, the plaintiff sued a BOP officer for loss of his property when it was detained pursuant to his Administrative Detention. As the preceding cases have instructed, Owen is a "law enforcement officer" under § 2680(c), and there is no question that Plaintiff's T.E.N.S. Unit and related equipment were detained as contraband during the Plaintiff's Administrative Detention. It is irrelevant whether Crawford had previously possessed the property with the knowledge and consent of the prison officials. Accordingly, the exception of § 2680(c) to the waiver of sovereign immunity applies the Defendant United States and all previously named Defendants in this matter, and this case must be dismissed for lack of subject matter jurisdiction. Given that the Court lacks jurisdiction, it need not address the government's remaining bases for dismissal or for summary judgment. *See Johnson*, 2000 WL 968795 at *4.

### CONCLUSION

For the reasons discussed in this opinion, the Court finds that the exception to the waiver of sovereign immunity, as found in 28 U.S.C. § 2680(c), applies to the Defendant United States, along with all previously named Defendants. Accordingly, the Defendants' motion to dismiss is granted, this Court is without subject matter jurisdiction to consider the Plaintiff's claim, and this case must be dismissed without prejudice. *See Home Builders Ass'n v. City of Madison*, 143 F.3d 1006 (5th Cir.1998).