IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS SEPTEMBER 2, 2008

## TENNESSEE REALTY DEVELOPMENT, INC.  v. STATE OF TENNESSEE (DEPARTMENT OF TRANSPORTATION) and AMERICAN TELEPHONE AND TELEGRAPH (AT&T)

Direct Appeal from the Chancery Court for Henry County
No. 20624     Ron E. Harmon, Chancellor

_____

No. W2008-00722-COA-R3-CV - Filed December 29, 2008
_____

In this appeal, we are asked to determine whether the chancery court erred in failing to allow Appellant to proceed with discovery after the State of Tennessee filed its Motion to Dismiss, in dismissing Appellant's Complaint and Amended Complaint based solely on argument, without any proof by testimony or documentation, and in dismissing Appellant's Complaint and Amended Complaint in regards to BellSouth which did not file a motion to dismiss or present evidence or documentation prior to the court's dismissal.  On appeal, Appellant contends that it was entitled to proceed with discovery before the court ruled on the State's motions.  Likewise, Appellant argues that the State should have been required to prove ownership of an easement right of way over Appellant's property.  Finally, Appellant contends that because BellSouth filed only a Notice of Appearance, Appellant's claim against BellSouth should not have been dismissed.  We affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

W. Brown Hawley, II, Paris, TN, for Appellant

T. Leigh Jones, Senior Counsel, Office of the Attorney General, Jackson, TN, for Appellee State of Tennessee

Louis F. Allen, Amy Ferguson Dudek, Memphis,TN, for Appellee BellSouth Telecommunications, Inc., incorrectly sued as American Telephone and Telegraph (AT&T)

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

According to the brief of American Telephone and Telegraph (hereinafter "BellSouth" or "Appellee"),[1] on November 14, 2006, a service outage was reported at the post office in Springville, Tennessee. A BellSouth technician, who was dispatched to investigate the outage, determined that service was lost when BellSouth's telephone cable, which was located in the State of Tennessee's right of way, "was augured into by someone digging post holes for a fence." That fence, according to BellSouth, was being constructed by Tennessee Realty Development, Inc. ("Appellant" or "Tennessee Realty"), whose primary owner is James Hobbs ("Mr. Hobbs").

In December 2006, BellSouth contacted William Hazlerig, the Director of Maintenance for the Tennessee Department of Transportation ("State"), to advise him of the seeming encroachment on the State's right of way by Tennessee Realty. The State commenced an investigation, and verified that Tennessee Realty's fence had been built on the State's right of way. By a letter dated December 15, 2006, Mr. Hazlerig notified Mr. Hobbs that Tennessee Realty's fence was located within the State's right of way and must be removed within ten days or the State would remove the fence, pursuant to Tennessee Code Annotated section 54-5-136. This letter cited a specific map and parcel number as well as highway plans and deeds that supported the State's ownership of the easement. The State's brief states that, on February 26, 2007, Mr. Hazlerig received a letter from Tennessee Realty's counsel claiming that the State had abandoned its rights of way easement and noting that other tracts had erected fences on the right of way. According to its Memorandum in Support of Motion to Dismiss, the State, between February and June 2007, identified those other tracts with encroachments, and notified the respective owners of the required removal pursuant to Tennessee Code Annotated section 54-5-136. Again, by a letter dated June 21, 2007, the State notified Tennessee Realty of its encroachment and further stated that, after reviewing Tennessee Realty's legal position, it found that Tennessee Realty was not absolved from moving the fence. A final notice was sent to Tennessee Realty on August 8, 2007, allowing five additional days from the date of receipt before the State would remove Tennessee Realty's fence at Tennessee Realty's expense.

Tennessee Realty did not remove its fence from the State's alleged right of way, but instead filed a Complaint in the Henry County Chancery Court on August 27, 2007. The action sought "a Declaratory Judgment as to the rights and interests of the[] parties [in the subject property] . . . [and] a Permanent Injunction restricting [the State's and BellSouth's] future rights to interfere with [Tennessee Realty's] future use of the land, and for a judgment awarding [Tennessee Realty's] damages, rents and attorney's fees." Tennessee Realty's Complaint essentially alleged three issues: (1) the State had abandoned its right of way easement; (2) BellSouth was not entitled to use the right of way; and (3) the State selectively exercised its right to remove encroachments by forcing only Tennessee Realty and no others to remove the claimed encroachment.

---

[1] According to BellSouth's appellate brief, Appellant's Complaint and Amended Complaint incorrectly sued American Telephone & Telegraph (AT&T), which is actually named BellSouth Telecommunications, Inc. ("BellSouth").

On October 12, 2007, the State filed a Motion to Dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02, claiming that, under the doctrine of sovereign immunity, Tennessee Realty's action was barred, and, further, that Tennessee Realty had failed to state a claim upon which relief could be granted. Subsequently, Tennessee Realty filed an Amended Complaint on November 6, 2007, alleging inverse condemnation for which compensation must be paid, as an additional cause of action, under Tennessee Code Annotated section 29-16-123. The State then filed an Amended Motion to Dismiss and Objection to Amended Complaint on November 29, 2007. The State moved the court to strike or deny Tennessee Realty's Amended Complaint pursuant to Tennessee Rule of Civil Procedure 15.01 because the Amended Complaint was filed without the leave of the Court or the written consent of the adverse party. Alternatively, the State's Amended Motion to Dismiss, again, argued for dismissal based on the court's lack of jurisdiction and Tennessee Realty's failure to state a claim upon which relief could be granted.

On December 31, 2007, Tennessee Realty filed a Motion to compel the State "to make arrangements for the discovery deposition of certain of its employees, along with other persons of interest to [Tennessee Realty], or, in the alternative, to schedule a discovery conference." Tennessee Realty claimed that court intervention was necessary because the State refused to schedule discovery depositions absent a court order requiring such. The State responded to Tennessee Realty's Motion by stating that Tennessee Realty was using discovery as a means of "circumvent[ing] the threshold jurisdictional issues."

After a hearing on February 4, 2008, the Henry County Chancery Court entered an Order Granting Motion to Dismiss and Amended Motion to Dismiss. The court stated:

> After hearing arguments of counsel (which included [Tennessee Realty's] counsel's insistence that the State of Tennessee should prove ownership of the subject easement as a condition precedent with or to its Motion), the Court finds that Defendant's (State of Tennessee) Motion to Dismiss and Amended Motion to Dismiss are well taken and should be granted. The Court finds that [Tennessee Realty's] Motion to Compel and [its] insistence that the State must put on proof as to ownership are therefore not well taken and therefore denied.
>
> IT IS THEREFORE ORDERED that the Defendant's (State of Tennessee) Motion to Dismiss and Amended Motion to Dismiss are granted and that this case is therefore dismissed in its entirety to all parties.

This appeal followed.

## II.  ISSUES PRESENTED

Appellant has timely filed its notice of appeal and presents the following issues for review as stated in its brief:[2]

1.    Was [Tennessee Realty] entitled to proceed with requested discovery (depositions) after the filing of the [State's] Motion to Dismiss?
2.    Was the Court correct in dismissing the original Complaint as amended based solely on the argument of counsel for the [State] without any proof either by testimony or documentation?
3.    Was the Court correct in dismissing the original Complaint as amended in regard to "BellSouth," who filed no Motion to Dismiss and who presented no evidence through testimony or documentation prior to the Court's dismissal of the Complaint?

For the following reasons, we affirm the decision of the chancery court.

## III.    STANDARD OF REVIEW

As grounds for its Motion to Dismiss and Amended Motion to Dismiss, the State generally cited Tennessee Rule of Civil Procedure 12.02. However, based on the language of both documents, it appears that the State moved for dismissal based on Rule 12.02(1), arguing that the chancery court did not have subject matter jurisdiction to adjudicate the claim, and 12.02(6), claiming that Tennessee Realty had failed to state a claim upon which relief could be granted. In its Order Granting Motion to Dismiss, the chancery court failed to specify upon which ground the motion was granted; however, our standard of review is the same regarding both grounds.

Our Supreme Court, in *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000), set forth the appropriate standard for reviewing a motion to dismiss for lack of subject matter jurisdiction. The Court stated:

> A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. *See Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Cas. Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App.

---

[2]  Appellant does not ask this Court to consider whether the trial court lacked subject matter jurisdiction or whether Appellant's Complaint failed to raise a claim upon which relief could be granted, such that the granting of the State's Motion to Dismiss was appropriate. Thus, we will not address those issues on appeal.

1989). Since a determination of whether subject matter jurisdiction exists, is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co.*, 33 S.W.3d at 729.

Likewise, the determination of whether the trial court erred in ruling on a motion to dismiss for failure to state a claim upon which relief could be granted is a question of law. ***Doe v. Catholic Bishop for Diocese of Memphis***, No. W2007-01575-COA-R9-CV, 2008 WL 4253628, at *3 (Tenn. Ct. App. Sept. 16, 2008) (citing *Farris v. Todd*, No. E1999-01574-COA-R3-CV, 2000 WL 528408, at *2 (Tenn. Ct. App. May 3, 2000)). Thus, this Court must review the trial court's ruling on a Rule 12.02(6) motion to dismiss de novo with no presumption of correctness. ***Id.*** (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)). "'[W]e must construe the [plaintiff's] complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true[,]'" ***Id.*** (quoting *Randolph v. Dominion Bank of Middle Tenn.*, 826 S.W.2d 477, 478 (Tenn. Ct. App. 1991)), as "[a] motion to dismiss for failure to state a claim for which relief can be granted 'tests only the legal sufficiency of the complaint[.]'" ***Id.*** (quoting *Stein*, 945 S.W.2d at 716 (Tenn. 1997)).

## IV. DISCUSSION

### A. Discovery

On appeal, Appellant asserts that the chancery court erred when it failed to allow Tennessee Realty to proceed with requested discovery after the State filed its Motion to Dismiss. Appellant claims that the appellate briefs submitted by both the State and BellSouth uncovered relevant facts of which Appellant was unaware. Appellant argues "[i]t was these facts and several more equally as pertinent which [Appellant] sought to identify and expand through the discovery process denied by the Trial Court." However, in *Henderson v. Bates*, No. W2005-01506-COA-R3-CV, 2006 WL 360844 (Tenn. Ct. App. Feb. 17, 2006), this Court considered this issue. In *Henderson*, an inmate plaintiff appealed the trial court's dismissal of his case, claiming that the trial court erred by dismissing plaintiff's civil right action before he could conduct discovery or respond to the defendant's motion to dismiss. In affirming the trial court, we stated, "[o]bviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone." ***Id.*** at *2 (citing *Wolcotts Fin. Serv., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990)). Thus, we held that the trial court did not err in suspending discovery and failing to allow plaintiff to respond to the motion to dismiss, as neither would have benefitted plaintiff. ***Id.*** at *4.

In the instant case, we, likewise, find that further discovery would have been of no benefit to Appellant, as Rule 12.02 motions to dismiss test only the sufficiency of the complaint. ***Rose v. Cookeville Reg'l Med. Ctr.***, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *4 (Tenn. Ct.

App. May 14, 2008) (citing *Pendleton v. Mills,* 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001)). Thus, we find that the trial court did not err in failing to allow Appellant to proceed with requested discovery after the State filed its Motion to Dismiss.

### B. Dismissal Without Proof

Next, Tennessee Realty asserts that the chancery court erred in dismissing its Complaint and Amended Complaint based solely on the argument by the State's Counsel, without any proof either by testimony or documentation. More specifically, Appellant claims that the State should have been required to prove its ownership of the easement right of way and also that Tennessee Realty's fence had encroached upon such.

In ruling on a Tennessee Rule of Civil Procedure 12.02 motion, the trial court considers only the sufficiency of the complaint, rather than the strength of the plaintiff's evidence. ***Rose***, 2008 WL 2078056, at *4 (citing *Pendleton v. Mills,* 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001)). More specifically, a Rule 12.02(6) motion for failure to state a claim upon which relief can be granted claims that even if all of the "relevant and material factual allegations in the complaint" are taken as true, the facts nonetheless fail to raise a cause of action. ***Id.*** (citing *Marceaux v. Thompson,* 212 S.W.3d 263, 267 (Tenn. Ct. App. 2006)). The trial court must "construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." ***Id.*** (citing *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997); *see Winchester v. Little,* 996 S.W.2d 818, 822 (Tenn. Ct. App. 1998)). Likewise, this Court must presume the factual allegations contained within the plaintiff's complaint are true, and "review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness." ***Id.*** (citing *Marceaux,* 212 S.W.3d at 267; *see League Cent. Credit Union v. Mottern,* 660 S.W.2d 787, 789 (Tenn. Ct. App.1983)).

To determine the appropriate standard of review concerning a Tennessee Rule of Civil Procedure 12.02(1) motion to dismiss for lack of subject matter jurisdiction, we must first determine which method the defendant is employing to challenge such jurisdiction. "Two methods are available to challenge a court's subject matter jurisdiction. The first, and most common, is a 'facial' challenge. The second is a 'factual' challenge." ***Staats v. McKinnon***, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006) (citing *Thomas v. Mayfield*, No. M2000-02533-COA-R3-CV, 2004 WL 904080, at *4-5 (Tenn. Ct. App. Apr. 27, 2004); 2 James W. Moore et al., *Moore's Federal Practice* § 12.30[4] (3d ed. 2005)).

Under a facial challenge, the complaint, itself, is attacked. ***Id.*** "It asserts that the complaint, considered from top to bottom, fails to allege facts that show that the court has power to hear the case." ***Staats***, 206 S.W.3d at 542 (citing *Crawford v. U.S. Dep't of Justice*, 123 F. Supp. 2d 1012,

1013-14 (S.D. Miss. 2000)).[3] "In deciding a facial challenge, the court considers the impugned pleading and nothing else." *Id.* (citing *Laird v. Ramirez*, 884 F. Supp. 1265, 1272 (N.D. Iowa 1995); *Ensign-Bickford Co. v. ICI Explosives USA, Inc.*, 817 F. Supp. 1018, 1023 (D. Conn. 1993)). Under a facial challenge, "[i]f a complaint . . . competently alleges any facts which, if true, would establish grounds for subject matter jurisdiction, the court must uncritically accept those facts, end its inquiry, and deny the dismissal motion." *Id.* at 542-43 (citing *Great Lakes Educ. Consultants v. Fed. Emergency Mgmt. Agency*, 582 F. Supp. 193, 194 (W.D. Mich. 1984)).

In a factual challenge, the defendant contends that the court lacks subject matter jurisdiction even though the plaintiff's complaint "alleges facts tending to show jurisdiction." *Id.* at 543. "It controverts the complaint's factual allegations regarding jurisdiction, *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993), and puts at issue the sufficiency of the evidence to prove facts that would bring the case within the court's subject matter jurisdiction." *Id.* (citing *Ensign-Bickford Co.*, 817 F. Supp. at 1023).

We construe the State's Motion to Dismiss and Amended Motion to Dismiss as facial challenges to the chancery court's subject matter jurisdiction. Thus, in considering the State's Motions, under both Rules 12.02(1) and 12.02(6), the trial court was only required to consider Appellant's Complaint and Amended Complaint to determine whether the court had subject matter jurisdiction to hear Appellant's claim, and then to determine whether Appellant's Complaint sufficiently alleged a claim for relief. Hence, we find no error in the trial court's ruling on the State's motions without "proof either by testimony or documentation."

### C. Dismissal of BellSouth

In its brief, Tennessee Realty lists as an issue for this Court's review, whether the chancery court erred in dismissing its Complaint and Amended Complaint with regard to BellSouth, as BellSouth did not file a motion to dismiss, and it presented no evidence, through testimony or documentation, to the court. However, Tennessee Realty has failed to present a sufficient argument concerning this issue. Tennessee Rule of Civil Procedure 27(a) provides that an appellant's brief:

> shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contention of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief,

---

[3] The *Staats* Court noted that "Tenn. R. Civ. P. 12 is substantially identical to Fed. R. Civ. P. 12, making federal court precedents persuasive authority in construing our rule." *Staats*, 206 S.W.3d at 543 n.13 (citing *Byrd v. Hall*, 847 S.W.2d 208, 211 n.2 (Tenn. 1993); *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 557 (Tenn. 1990); *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 n.7 (Tenn. Ct. App. 1995)).

> with citations to the authorities and appropriate references to the
> record . . . relied on[.]

"The failure of a party to cite to any authority or to construct an argument regarding his position on appeal constitutes waiver of that issue." ***Boggs Kurlander Steele, LLC v. Horizon Commc'ns***, No. M2006-00018-COA-R3-CV, 2008 WL 490628, at *4 (Tenn. Ct. App. Feb. 21, 2008) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 402 (Tenn. Ct. App. 2006); *see also Rector v. Halliburton*, No. M1999-02802-COA-R3-CV, 2003 WL 535924, at *9 (Tenn. Ct. App. Feb. 26, 2003) (per curiam); *Rhea County v. Town of Graysville*, No. E2001-02313-COA-R3-CV, 2002 WL 1723681, at *7 (Tenn. Ct. App. July 25, 2002)).

On appeal, Tennessee Realty's only attempt at an argument on this issue comes in the "Statement of the Case" and "Statement of Facts" sections of its brief which state that "[n]o formal Answer was filed by either the [State] or [BellSouth], and [BellSouth] only had its attorney's Notice of Appearance filed[;] "the respective positions of the parties through their pleadings were presented to the Court without any proof, testimony or documentation[;]" and "[o]ther than introduction, counsel for [BellSouth] did not participate in the proceeding, and, like the [State], produced no evidence of any nature." These statements do not provide the "argument" and "citation to the authorities" required by Tennessee Rule of Appellate Procedure 27(a). Thus, we find, under Tennessee Rule of Appellate Procedure 27(a), that Appellant has waived its right to have the issue of BellSouth's dismissal considered by this Court.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Tennessee Realty Development, LLC, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

-8-